IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 2:19-cr-47

DAVID ALCORN,

Defendant.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Defendant David Alcorn's ("Defendant") Motion to Dismiss. ECF No. 81. Defendant contends that the United States is barred from pursuing charges against Defendant due to the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. *Id.* at 1–2. Having been fully briefed, this matter is now ripe for judicial determination.

### I. FACTUAL AND PROCEDURAL HISTORY[1]

On April 6, 2015, the Securities and Exchange Commission (the "SEC") initiated a civil enforcement action ("SEC Action") in the United States District Court for the District of Arizona against Defendant, Co-Defendant Daryl Bank ("Co-Defendant Bank"), and other named defendants. *Sec. and Exch. Comm'n v. Janus Spectrum LLC, et al.*, No. 2:15-cv-00609-SMM (D. Ariz), ECF No. 1. According to the SEC Action Complaint, the defendants participated in multiple securities fraud, money laundering, and other related offenses. *Id.* On February 9, 2018, the District of Arizona entered its final judgment in the SEC Action. *Id.* at ECF No. 258. Defendant, Co-

---

[1] On November 18, 2019, the Court ordered joinder of this action with another related securities fraud criminal action, case no. 2:17-cr-126. As a result, the present action now encompasses eight co-defendants – Daryl Bank, David Alcorn, Aghee William Smith III, Billy Seabolt, Kent Maerki, Norma Coffin, Thomas Barnett, and Tony Sellers.

1

Defendant Bank, and various others incurred civil penalties including disgorgement in the amount of $4,494,900.00. *Id.* On appeal, the Ninth Circuit affirmed the disgorgement amount, but remanded the case to determine other factors such as who would benefit from the disgorgement award and the equitable principles justifying disgorgement. *Id.* at ECF No. 264-1.

On March 21, 2019, Defendant was one of six defendants named in a 19-count indictment in the Eastern District of Virginia. ECF No. 2. Defendant was charged with Conspiracy to Commit Mail and Wire Fraud, Wire Fraud, and Unlawful Monetary Transactions as alleged in Counts 2, 7-17, and 19 of the Criminal Indictment. ECF No. 20.

On November 10, 2019, Defendant filed a Motion to Dismiss the charges against him pursuant to the Double Jeopardy Clause of the Fifth Amendment. ECF No. 81. According to Defendant, these charges are based upon the same conduct giving rise to the SEC Action. *Id.* In the Motion, Defendant asserts that the disgorgement order entered against him in the SEC Action "constitutes a criminal sanction," barring subsequent prosecution pursuant to the Double Jeopardy Clause. *Id.* at 2.

Co-Defendant Bank was also charged with Conspiracy to Commit Mail and Wire Fraud, Wire Fraud, Mail Fraud, and Unlawful Monetary Transactions in the Eastern District of Virginia. Case No. 2:17-cr-126 at ECF No. 4. One year prior to Defendant's Motion to Dismiss, Co-Defendant Bank filed a substantially similar motion. *Id.* at ECF No. 139. Co-Defendant Bank's Motion to Dismiss included an identical Double Jeopardy argument concerning the SEC Action's disgorgement order. *Id.* Co-Defendant Bank's Motion was denied on May 8, 2019. *Id.* at ECF No. 180. The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") then affirmed the Court's Ruling. *Id.* at ECF No. 184; *United States v. Bank*, 965 F.3d 287 (4th Cir. 2020).

Due to the identical nature of Defendant and Co-Defendant's Motions, the Court deferred ruling on Defendant's Motion to Dismiss until the completion of Co-Defendant Bank's appeal to the Fourth Circuit. ECF No. 117. Because Co-Defendant Bank's Motion to Dismiss has been fully adjudicated, the Court will now consider Defendant's Motion to Dismiss.

## II. LEGAL STANDARD

The Double Jeopardy Clause of the Fifth Amendment provides that no person "shall be... subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. The Clause "prohibits successive governmental criminal prosecutions and successive governmental punishments for the same conduct." *Jones v. Secs. & Exch. Comm'n*, 115 F.3d 1173, 1183 (4th Cir. 1997). Importantly, only criminal punishment "subject[s] the defendant to 'jeopardy' within the constitutional meaning." *United States ex rel. Marcus v. Hess*, 317 U.S. 537, 548-49 (1943) (citation omitted). The Double Jeopardy Clause "does not prohibit the imposition of all additional sanctions that could, in common parlance, be described as punishment. *Hudson v. United States*, 522 U.S. 93, 98-99 (1975) (citations and internal quotation marks omitted). Instead, the Clause "protects only against the imposition of multiple *criminal* punishments for the same offense." *Id.* (emphasis in original).

In *Hudson v. United States*, the Court employed a two-part test to determine whether a sanction is considered a criminal or civil penalty for purposes of a Double Jeopardy Clause assessment. First, the Court must determine "whether the legislature, in establishing the penalizing mechanism, indicated either expressly or impliedly a preference for one label or the other." *Hudson*, 522 U.S. at 99, 118 S. Ct. 488 (internal quotation marks omitted). Second, even if the legislature "has indicated an intention to establish a civil penalty, [courts]... inquire[] further whether the statutory scheme was so punitive either in purpose or effect, as to transform what was

clearly intended as a civil remedy into a criminal penalty." *Id.* (alteration, citation, and internal quotation marks omitted).

### III. DISCUSSION

Defendant relies heavily upon *Kokesh v. Secs. & Exch. Comm'n,* 137 S. Ct. 1635 (2017) to assert that Defendant's disgorgement in the SEC Action is a criminal penalty, barring the related charges within the Criminal Indictment pursuant to the Double Jeopardy Clause. In *Kokesh,* the Court determined that an order of disgorgement, in the limited context of an SEC enforcement proceeding, was a penalty for the purpose of a statute of limitation analysis. *Kokesh,* 137 S. Ct. at 1645. In *Bank,* the Fourth Circuit held that "*Kokesh* did not conclude that disgorgement is a *criminal* penalty" for the purpose of a Double Jeopardy Clause assessment. *Bank,* 965 F.3d at 294 (emphasis in original). Instead, the Fourth Circuit relied upon the two-part test in *Hudson* to determine whether disgorgement in the SEC Action constitutes a criminal penalty. *Id.* at 294-95.

In *Bank,* the Fourth Circuit already applied *Hudson*'s two-part test to Defendant's disgorgement order from the SEC Action. *Id.* at 297-301. In its assessment, the Fourth Circuit affirmed the Court's determination that disgorgement, as applied to the SEC Action, is a civil penalty, not a criminal one. *Id.* at 297-98. In so doing, the Court evaluated several factors under part two of the *Hudson* test and determined that "the balance of the factors weighs in favor of deeming disgorgement a civil penalty." *Id.* at 301. Therefore, because the Fourth Circuit already analyzed and assessed the precise disgorgement order applicable to Defendant, the Court reiterates and adopts the Court's Order denying Co-Defendant's Motion to Dismiss, Case No. 2:17-cr-126 at ECF No. 180, and the Fourth Circuit's Order affirming the District Court's Order, *Bank,* 965 F.3d 287. Accordingly, the Court **FINDS** that the charges against Defendant within the Criminal Indictment do not implicate the Double Jeopardy Clause of the Fifth Amendment to the United

States Constitution.

## IV. CONCLUSION

Accordingly, Defendant's Motion is **DENIED**.

The Clerk is **DIRECTED** to provide a copy of this Order to counsel for the Defendant and the United States Attorney,

**IT IS SO ORDERED**.

Norfolk, Virginia
August 31, 2020

UNITED STATES DISTRICT JUDGE